Filed: 1/29/15  Conservatorship of Escojido CA2/5
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| Conservatorship of the Person of MARIA PATINO ESCOJIDO. | B254359<br><br>(Los Angeles County<br>Super. Ct. No. LP016760) |
| AMELIA ESCOJIDO,<br><br>　　　Petitioner and Appellant,<br><br>　　　v.<br><br>JESUS ESCOJIDO,<br><br>　　　Respondent. | |

　　　APPEAL from orders of the Superior Court of Los Angeles County, Paul L. Roy, Judge.  Affirmed.

　　　Law Office of Herb Fox and Herb Fox, for Petitioner and Appellant.

　　　No appearance for Respondent

Amelia Escojido (Ms. Escojido) appeals after the December 19, 2013 issuance of conservatorship letters for the conservatee, Maria Patino Escojido. The conservatorship petition was filed by Ms. Escojido, one of the conservatee's daughters, Ms. Escojido desired to be named as the conservator of the conservatee. The stated grounds for issuance of the conservatorship letters was that the proposed conservatee was 86 years old and had suffered a stroke which rendered her mentally incompetent. The public guardian was appointed as the conservator for the conservatee. Ms. Escojido challenges the appointment of the public guardian. The public guardian's default has been entered pursuant to California Rules of Court, rule 8.220(a)(2). We affirm.

First, Ms. Escojido argues that the conservatee was not present during the November 4 and 6, 2013, conservatorship trial as required by Probate Code section 1825. As a result, Ms. Escojido argues the probate court orders at issue must be reversed. At the trial, the conservatee was represented by Marlene Seltzer, an attorney from the Probate Volunteer Panel. (Super. Ct. L.A. County, rule 4.124 et seq.) Before the taking of testimony commenced, the probate court inquired of Ms. Seltzer as to whether the conservatee desired to be present. Ms. Seltzer stated: "She does not want to come to court. She does not want to be in the middle of this with her children." The unequivocal statement of Ms. Seltzer was sufficient to waive the conservatee's presence. (*Conservatorship of John L.* (2010) 48 Cal.4th 131, 147-148; see *People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 969.)

Second, Ms. Escojido has failed to demonstrate the existence of a reasonable probability of a different result had the conservatee been present. In order for a nonjurisdictional error to be reversible, there must be a reasonable probability of a different result. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 983; *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 570; *In re Marriage of Stephen P.* (2013) 213 Cal.App.4th 983, 995.) The parties agreed that the conservatee was in need of care 24 hours a day and 7 days a week. Further, there was no evidence that the conservatee desired to have Ms. Escojido be the conservator. The probate court had before it evidence indicating the conservatee's wishes. There is no basis for concluding that had

2

the conservatee been actually present, there was a reasonable probability Ms. Escojido would have been appointed as the conservator. (Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818, 836.) Ms. Escojido's arguments to the contrary are, with respect, speculative. (E.g. *People v. Weaver* (2001) 26 Cal.4th 876, 968; *People v. Wims* (1995) 10 Cal.4th 293, 316; *People v. Morris* (1991) (1991) 53 Cal.3d 152, 180; disapproved on other grounds in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1.)

The orders under review are affirmed. All parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KRIEGLER, J.

3